IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COALITION FOR LIFE ST. LOUIS. dba COALITION LIFE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 23-1651-SPM |
| CITY OF CARBONDALE, ILLINOIS, | ) ) ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

NOW Comes the Defendant, City of Carbondale, Illinois, by Lenoard "Jamie" Snyder, Carbondale City Attorney, and Joseph A. Bleyer of Bleyer and Bleyer, its attorneys, and for its Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, says:

1.  On May 16, 2023, Plaintiff filed this facial constitutional challenge to Carbondale, Illinois Ordinance No. 2023-03, codified in the City's Disorderly Conduct Ordinance as §14-4-2(H). This Ordinance is modeled after and nearly identical to the Colorado law upheld by the U.S. Supreme Court in *Hill v Colorado*, 530 U.S. 703 (2000), and the Chicago ordinance more recently upheld by the Seventh Circuit in *Price v Chicago*, 915 F.3d 1107 (7th Cir. 2019).

2.  The City adopted this Ordinance after multiple incidents at two medical facilities within the City of Carbondale had occurred in which there was no adequate

remedy to prevent these unwanted encounters. One such tactic was to use deceptive check-in boards to deceive the patients into approaching the protestors by appearing to be staff of the medical facility. After extensive review and determination of the current case law concerning these issues, the City Council was presented with the Ordinance, which was later adopted and passed. To this date, the Ordinance has had the intended effect of preventing non-consensual contact between patients and persons seeking to protest, demonstrate, or educate the patient on alternative treatments.

   3. The United States Congress has indicated, by the passage of Health Insurance Portability and Accountability Act of 1996, that health care privacy is the public policy within the United States. The activities of the Plaintiff, and its volunteers and employees, clearly interfere with a person's right to privacy in their medical care. Given the nature of the Plaintiff's single focus on medical facilities that offer abortion related counseling and services, the Plaintiff is interfering with the rights of persons to be free in choosing the type of medical care they wish to seek.

   4. The adopted Ordinance does not prevent the Plaintiff from carrying out its mission. It only requires the Plaintiff to receive consent prior to approaching the person seeking medical attention prior to coming within eight (8) feet of the person the Plaintiff wishes to counsel. There have been numerous occasions around the Country in which interactions between medical facility staff, patients, and protestors have turned violent and disorderly. By requiring consent for any of the parties to approach one another for any of the stated purposes of the Ordinance serves to preserve the peace of the

Community as a whole and is the least restrictive measure available to the City.

  5.  Under Rule 12(b)(6), the Court may dismiss a Complaint if it fails to "state a claim upon which relief can be granted." *See Federal Rules of Civil Procedure 12(b)(6)*. In addressing a Motion to Dismiss a Complaint for failure to state a claim, a Court "must take all the factual allegations in the complaint as true," but is "not bound to accept as true a legal conclusions couched as a factual allegation." *Papasan v Allain*, 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 570 (2007). In addressing a facial challenge, a Court "must be careful not to go beyond the Statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases." *Washington State v Washington State Republican Party*, 552 U.S. 442, 450 (2008). (citing *United States v Raines*, 362 U.S. 17, 22 (1960); *Sabri v United States*, 541 U.S. 600, 609-610 (2004) ("Although passing on the validity of a law wholesale may be efficient in the abstract, any gain is often offset by losing the lessons taught by the particular, to which common law method normally looks. Facial adjudication carries too much promise of 'premature interpretation[n\] of statutes' on the basis of factually barebones records.") (quoting *Raines*, 362 U.S. at 22).

  6.  The Supreme Court in *Hill* held that the Colorado Statute which forms the basis of Carbondale's Ordinance was a content-neutral time, place, and manner restriction. 530 U.S. at 724, et seq. The Seventh Circuit in *Price* held that "[*Hill*]

remains on the books and directly controls here." 915 F.3d at 1119 (affirming 12(b)(6) dismissal of challenge to Chicago bubble zone ordinance); see also *Agostini v Felton*, 521 U.S. 203, 237-38 (1997). ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case [that] directly controls, leaving to this Court the prerogative of overruling its own decisions.")

7. The Seventh Circuit's holding in *Price* binds this District Court, that "the case [*Hill*] remains on the books and directly controls here." Id. at 1119.

WHEREFORE, the Defendant, City of Carbondale, Illinois, prays this Court enter an Order dismissing the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and consider the arguments laid out herein as the Defendant's Brief on that Motion to Dismiss and waives Oral Argument, and for all other relief on the premises to which it may be justly entitled.

        BLEYER and BLEYER

        S/Joseph A. Bleyer
        Attorney Registration No. 6193192
        Attorneys for Defendant,
        City of Carbondale, Illinois

        S/Lenoard "Jamie" Snyder (w/permission)
        Attorney Registration No. 6275953
        Attorneys for Defendant,
        City of Carbondale, Illinois

BLEYER and BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:   (618) 997-1331
Fax:              (618) 997-6559
e-mail:         *jableyer@bleyerlaw.com*


LENOARD "JAMIE" SNYDER
Attorney at Law
City of Carbondale
200 South Illinois Avenue
Carbondale, IL 62901
Telephone:   (618)457-3215
jsnyder@explorecarbondale.com

## *CERTIFICATE OF SERVICE*

I hereby certify that on June 9, 2023, I electronically filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on behalf of Defendant, City of Carbondale, Illinois, with the Clerk of the Court using CM/ECF System which will send notifications of such filing to the following:

>Peter Breen
>Thomas More Society
>309 West Washington Street, Suite 1250
>Chicago, IL 60606
>pbreen@thomasmoresociety.org

I hereby certify that on June 9, 2023, I mailed by United States Postal Service, the documents to the following nonregistered participants:

>None

>S/Joseph A. Bleyer

BLEYER and BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:   (618) 997-1331
Fax:         (618) 997-6559
e-mail:      *jableyer@bleyerlaw.com*