**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **COALITION FOR LIFE ST. LOUIS,** | ) | |
| **dba COALITION LIFE,** | ) | |
| | ) | **Civil Action No. 3:23-cv-1651-SPM** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **The Hon. Stephen P. McGlynn** |
| | ) | **United States District Judge** |
| **CITY OF CARBONDALE, ILLINOIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Coalition Life, by and through its counsel, THOMAS MORE SOCIETY, submits this response to Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

The City of Carbondale's abortion "bubble zone" ordinance flagrantly violates the Free Speech Clause of the First Amendment: it is a content-based and viewpoint-discriminatory regulation of protected speech on an issue of significant public concern.

But the United States Supreme Court upheld bubble zone ordinances like this one in *Hill v. Colorado*, 530 U.S. 703 (2000). Even so, in the years after *Hill*, the Supreme Court issued a number of Free Speech decisions that entirely eroded the foundations of *Hill*, notably including *McCullen v. Coakley*, 573 U.S. 464 (2014), and *Reed v. Town of Gilbert*, 576 U.S. 155 (2015). When later faced with the question of the continuing viability of *Hill*, the Seventh Circuit recognized the conflict with *McCullen* and *Reed* but, because the Supreme Court had not expressly overruled *Hill*, upheld a bubble zone ordinance nearly identical to Carbondale's, in *Price v. Chicago*, 915 F.3d 1107 (7th Cir. 2019).

However, this past year, the Supreme Court stated directly that *Hill* "distorted First Amendment doctrines." *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2276 & n.65 (2022). Coalition Life thus finds itself suffering active and continuing harm under a content-based and viewpoint-discriminatory ordinance whose existence relies wholly on a Supreme Court decision from 23 years ago that today's Supreme Court has declared "distorted." Nonetheless, until *Hill* is overruled, *Price* mandates obedience to *Hill*.

Therefore, despite the continuing significant constitutional harm that Coalition Life is suffering, it must concede that the Seventh Circuit's decision in *Price*, applying *Hill*, controls the disposition of this Motion—Coalition Life must seek its relief on appeal. For this reason, and to promote judicial economy and preservation of this Court's resources, Coalition Life agrees with Defendant that oral argument and extensive briefing are not necessary to adjudicate this Motion to Dismiss and respectfully requests that the Court promptly rule on the Motion so that Coalition Life may advance its arguments on appeal.

## ARGUMENT

In *Price*, the Seventh Circuit acknowledged that "*Hill* started from the premise that '[t]he principal inquiry in determining content neutrality . . . is whether the government has adopted a regulation of speech because of disagreement with the message it conveys,'" but "[a]fter *Reed* that's no longer correct. We now know that the first step in the content-neutrality inquiry is to ask whether the challenged law is 'content based on its face.'" 915 F.3d at 1117 (internal citations omitted). "As *Reed* explained, a '*separate* and *additional* category' of content-based laws includes facially neutral laws that 'cannot be justified without reference to the content of the regulated speech[] or . . . were adopted because of disagreement with the message the speech conveys.'" *Id.* And yet, despite holding that "*McCullen* and *Reed* have deeply shaken *Hill*'s

foundation," the Seventh Circuit held that "the case [*Hill*] remains on the books and directly controls here." *Id.* at 1119.

This past year, the Supreme Court opined on *Hill* several times, including its recent statement in its *Dobbs* decision that *Hill* "distorted First Amendment doctrines." 142 S. Ct. at 2276 & n.65. The High Court also admitted that "we do not cite" *Hill* in clarifying the standard for discerning content-based laws. *City of Austin v. Reagan National Advertising of Austin, LLC*, 142 S. Ct. 1464, 1475 (2022); *see also id.* at 1472-73 (acknowledging that regulation of communication's "substantive message" is content-based); *see also id.* at 1484, 1490-92 (Thomas, J., joined by Gorsuch and Barrett, J.J., dissenting) (critiquing *Hill*).

Coalition Life thus argues that *Hill* and *Price* were wrongly decided, are irreconcilable with intervening precedent, and should be overruled by the Supreme Court and Seventh Circuit respectively. Before *Dobbs*, *Hill* was on life support. After *Dobbs*, *Hill*'s intubation has been removed and cannot be sustained under any theory. However, because Carbondale's bubble zone ordinance is nearly identical to the bubble zone ordinance at issue in *Price* and because the claims asserted by Coalition Life here, under the First and Fourteenth Amendment and related provisions of the Illinois Constitution, are identical to the claims of the plaintiffs[1] in *Price*, *see* 915 F.3d at 1110, Coalition Life must concede that *Price* precludes its claims at the District Court level.

To be clear, Carbondale's bubble zone ordinance is unconstitutional under *McCullen* and *Reed*. The Carbondale ordinance requires reference to the content of the regulated speech, *see* §14-4-2H ("Knowingly approaches another person . . . for the purpose of . . . engaging in oral protest, education, or counseling . . ."), just like the bubble zone ordinances in *Hill* and *Price*.

---

[1] Plaintiff's counsel here represented the plaintiffs in *Price*.

And the Carbondale ordinance was similarly adopted because of disagreement with the message conveyed. *See id.*; *see, e.g.,* Compl., dkt. #1, at ¶¶17 (City citing daily "protests" at "reproductive health care facilities") & 19 (extending radius of no-speech zone from 50 feet to 100 feet because a 50-foot radius "doesn't even get you off of the parking lot" of the City's abortion facilities), Exh. 4, at 7 (A.10. Alamo Women's Clinic, accessed through A.9. Synergy Therapeutic Group) & 22 (P. Choices Center for Reproductive Health) (showing 50-foot radius would only cover private parking lots of City's abortion facilities).

Carbondale does not dispute this fact in its Motion, acknowledging that "the Ordinance has had the *intended effect of preventing non-consensual contact* between patients and persons seeking to protest, demonstrate, or educate the patient *on alternative treatments*." Dkt. #14, at 2 (emphasis added). And the sole specific reason that Carbondale recites in its Motion[2] to justify the ordinance is its disagreement with the content of alleged "deceptive check-in boards," which the City complains "deceive the patients into approaching the protestors"—speech and conduct that is not barred by the bubble zone ordinance. *Id.*

The City also critiques "Plaintiff's single focus on medical facilities that offer abortion related counseling and services," claiming without support that the information and practical assistance that Coalition Life and its sidewalk counselors peacefully offer those considering abortion is "interfering with the rights of persons to be free in choosing the type of medical care they wish to seek." *Id.* Carbondale also tars Coalition Life, again without support, with alleged "numerous occasions around the Country in which interactions between medical facility staff, patients, and protestors have turned violent and disorderly," claiming in view of these supposed "occasions" that the ordinance "serves to preserve the peace of the Community as a whole . . . ."

---

[2] Coalition Life disputes Defendant's unverified and vague alleged facts in paragraphs 2, 3, and 4 of its Motion. They are inappropriate for consideration in a motion under Fed. R. Civ. P. 12(b)(6).

*Id.*, at 2-3. None of these are allowable reasons to restrict the protected speech of Coalition Life and its sidewalk counselors.

As the Seventh Circuit "explained shortly after *Reed* was decided, the [Supreme] Court has 'effectively abolishe[d] any distinction between content regulation and subject-matter regulation. Any law distinguishing one kind of speech from another by reference to its meaning now requires a compelling justification.'" 915 F.3d at 1118. The Seventh Circuit went on to note that "*Reed* explained that a law is content based if it draws 'more subtle' facial distinctions like those that 'defin[e] regulated speech by its function or purpose.' . . . And divining purpose clearly requires enforcement authorities 'to examine the content of the message that is conveyed.' How else could the authorities distinguish between a sidewalk counselor (illegal) and a panhandler, a pollster, or a passerby who asks for the time (all legal)?" *Id.* (internal citations omitted).

And *Hill* cannot stand after *McCullen*, which "emphasized that a law is content based if it is 'concerned with [the] undesirable effects that arise from the direct impact of speech on its audience or listeners' reactions to speech.' Yet *Hill* repeatedly cited concern for listeners' reactions as an *acceptable justification* for Colorado's bubble-zone law. . . . After *McCullen* that's not a content-neutral justification." *Id.* (internal citations omitted).

The Seventh Circuit explained that "*Hill*'s narrow-tailoring analysis conflicts with *McCullen*'s insistence that 'the government must demonstrate that alternative measures that burden substantially less speech would fail to achieve [its] interests, not simply that the chosen route is easier.' . . . In stark contrast, *Hill* specifically *approved* the 'bright-line prophylactic' aspect of Colorado's bubble-zone law *precisely because* other less restrictive measures—e.g.,

laws against harassment and breach of the peace—were harder to enforce." *Id.* at 1118-19. (internal citations omitted).

Finally, the Carbondale ordinance fails even intermediate scrutiny, due to the many alternatives the City has at its disposal to promote its alleged interests, without chilling and burdening Coalition Life's speech, *see McCullen* at 490, including the other paragraphs of its Disorderly Conduct ordinance, especially §14-4-2(I), which prohibits physical obstruction, intimidation, or interference of those entering and leaving the City's abortion facilities.

WHEREFORE, Plaintiff Coalition Life agrees with the Defendant that waiver of oral argument and extensive briefing on the Motion is proper, concedes that *Price* precludes Coalition Life from succeeding on this Motion in the District Court unless and until *Price* or *Hill* are overruled, and respectfully requests that the Court promptly rule on the Motion so that Coalition Life may advance its arguments on appeal, and for all other relief to which it may be justly entitled on the premises.

Respectfully submitted,

THOMAS MORE SOCIETY

 /s/Peter Breen
Peter Breen
309 W Washington, Ste 1250
Chicago, IL 60606
Tel: (312) 782-1680
pbreen@thomasmoresociety.org

Stephen M. Crampton*
P.O. Box 4506
Tupelo, MS  38803
Tel: (662) 255-9439
scrampton@thomasmoresociety.org

*Counsel for Plaintiff*

*\* pro hac vice application to be filed*

6